EK:JSR

**12M510**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

MAXWELL GUZMAN,

           Defendant.

C O M P L A I N T

(21 U.S.C. §§ 952(a) and 960)

- - - - - - - - - - - - - - - - - -X

EASTERN DISTRICT OF NEW YORK, SS:

      VINCENT MARINO, being duly sworn, deposes and states that he is a Special Agent with the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), duly appointed according to law and acting as such.

      Upon information and belief, on or about May 24, 2012, within the Eastern District of New York and elsewhere, the defendant MAXWELL GUZMAN did knowingly and intentionally import a controlled substance into the United States from a place outside thereof, which offense involved 500 grams or more of a substance containing cocaine, a Schedule II controlled substance.

      (Title 21, United States Code, Sections 952(a) and 960).

2

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. On or about May 24, 2012, the defendant arrived at JFK International Airport in Queens, New York ("JFK") aboard JetBlue Flight No. 810 from ~~Santiago~~ Santo Domingo, Dominican Republic.

2. A Customs and Border Protection ("CBP") officer selected the defendant MAXWELL GUZMAN for a routine enforcement exam. The defendant appeared nervous during the exam. He was sweating, breathing heavily and did not maintain eye contact.

3. The CBP officer conducted a personal search of the defendant MAXWELL GUZMAN. During the personal search of the defendant MAXWELL GUZMAN, the CBP officer noticed that the defendant's Nike sneakers were unusually heavy. The CBP officer discovered a package concealed within each of the defendant's sneakers.

4. The packages were probed, which revealed a white powder that field-tested positive for cocaine. The defendant was arrested.

5. The total approximate gross weight of the packages that tested positive for the presence of cocaine is 1021 grams.

6. The defendant waived his *Miranda* rights and admitted in sum and substance that he knew that he was carrying

---

[1] Because the purpose of this affidavit is merely to establish probable cause, I have not set forth all of the facts and circumstances of which I am aware.

cocaine into the United States and was to be paid $6,000 for transporting the cocaine.

WHEREFORE, your deponent respectfully requests that the defendant MAXWELL GUZMAN be dealt with according to law.

VINCENT MARINO
Special Agent
HSI

Sworn to before me this
25th day of May, 2012

ROBERT M.
UNITED ST.  s/Levy  E
EASTERN D.